UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

_____

XPERTUNIVERSE, INC,                         :
                                            :
                                            :
                                            :
            Plaintiff,                      :        Civil Action No. 09-157 (JAP)
                                            :
            v.                              :        **OPINION**
                                            :
CISCO SYSTEMS, INC.,                        :
                                            :
                                            :
            Defendants.                     :
_____:

PISANO, District Judge.

Plaintiff XpertUniverse, Inc. ("XU" or "Plaintiff") brings this action against Cisco

Systems, Inc. ("Cisco" or "Defendant") alleging that Cisco infringed on its patent and

misappropriated certain technology from XU during the course of a relationship between the

parties. Cisco and XU entered into a business relationship in or about 2004 around XU's

"expert location, live interaction and business intelligence technology." Third Amended

Complaint ("Complaint" or "Compl.") ¶ 42. In the course of this relationship, and under the

protections of a confidentiality agreement, XU shared with Cisco "trade secrets, and

proprietary and confidential information, including …: technical development documents,

schematics, system architecture, integration charts, sales and marketing strategies, marketing

forecasts and pricing schedules." *Id.* ¶ 43. XU alleges that Cisco ultimately terminated the

business relationship and misappropriated XU's intellectual property by introducing a new

"collaboration portfolio" product line, including an "Expert on Demand" product. According

to XU, Cisco "has sold, offered for sale and marketed, and continues to sell, offer for sale and

market, products and technology in contravention of and based on [XU's] rights in and to its intellectual property."

Presently before the Court is a motion by Defendant to dismiss certain counts in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, strike certain matter from the Complaint under Rule 12(f).  Specifically, Cisco seeks dismissal of the third (common law fraud), fourth (deceit under California code) fifth (misappropriation of trade secrets under California Uniform Trade Secrets Act), sixth (common law misappropriation), seventh ("breach of confidence"), eighth (unfair competition under Lanham Act), ninth (common law trademark infringement), fourteenth (common law unfair competition), fifteenth (unfair competition under California code), sixteenth (unjust enrichment), and seventeenth (conversion).  For the reasons below, Defendant's motion is granted in part and denied in part.

A.  Legal Standard Under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and

2

unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal

quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under

Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the

speculative level, ... on the assumption that all the allegations in the complaint are true (even

if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

The Supreme Court has emphasized that, when assessing the sufficiency of a civil

complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  When evaluating a motion to dismiss for

failure to state a claim, district courts conduct a two-part analysis.

> First, the factual and legal elements of a claim should be separated.  The
> District Court must accept all of the complaint's well-pleaded facts as true, but
> may disregard any legal conclusions.  Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief."  In other words, a complaint
> must do more than allege the plaintiff's entitlement to relief. A complaint has
> to "show" such an entitlement with its facts.
>
> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir.2009) (quoting *Iqbal*, 129

S.Ct. at 1949-50).  A complaint will be dismissed unless it "contain[s] sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 1949

(quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense."  *Fowler*, 578 F.3d at 211 (citations omitted).

B.  Trade Secret Misappropriation

Defendant first argues that Plaintiff has failed to adequately plead his trade secret

misappropriation claim, alleging that, under California law, a heightened pleading standard

applies to such a claim. Defendant cites *Dioldes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 252-

53 (1968), which has been codified at Cal. Civ. Proc. Code § 2019.210 ("In any action

alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act … before

commencing discovery relating to the trade secret, the party alleging the misappropriation

shall identify the trade secret with reasonable particularity…"). *See Perlan Therapeutics, Inc.

v. Superior Court*, Cal. Rptr. 3d 211, 220 n.6 (Ct. App. 2009). While it appears that courts are

divided as to whether § 2019.210 applies in federal court, the Court here need not reach that

question. Even if it does apply, Defendant's motion fails. The requirements of § 2019.210

are "related to discovery, not pleading." *Resonance Technology, Inc. v. Koninklijke Philips

Electronics, N.V.*, 2008 WL 4330288, *4 (C.D. Cal. September 17, 2008) (citing *Bryant v.

Mattel, Inc.*, 2007 WL 5430886, at *15 (C.D. Cal. June 27, 2007) (finding that the

"unambiguous language of the statute" indicates that it is related to discovery, not pleading);

*Computer Economics*, 50 F.Supp.2d at 990 n. 11 (noting that Cal. Civ. Proc. Code § 2019(d),

the predecessor to § 2019.10, does not affect plaintiff's pleading requirements). Plaintiff need

only identify to Defendant the trade secrets at issue prior to engaging in discovery on related

claims, but not necessarily at the pleading stage. Consequently, Plaintiff's claim here need

meet only the federal notice pleading requirements, and the Court finds under that standard

Plaintiff's trade secret misappropriation claim is sufficiently pled.

Defendant also argues that Plaintiff's trade secret misappropriation claim should be

dismissed because it characterizes as a trade secret information that was publicly disclosed in

certain of XU's patent applications. However, the Complaint states that such information was

"confidential until published," *see* ¶ 173, and, as such, the Court finds that addressing

Defendant's argument would require further factual development outside of the pleadings.

Therefore, it is not appropriate to address the issue on a motion under Rule 12(b)(6).

## C. Unfair Competition and Trademark Infringement

Defendant's arguments as to Plaintiff's unfair competition and common law trademark

infringement claims suffer from flaws similar to its arguments regarding the trade secret

claim. Cisco contends that XU has not alleged facts to support its assertion that its trademark

– "Expert on Demand" – is distinctive.[1]  In the Complaint, Plaintiff alleges that its mark is

inherently distinctive and also that it has acquired distinctiveness through secondary meaning.

In support of its assertions, Plaintiff alleges that XU coined and commercially used the mark

"Expert on Demand" to identify and brand its services as early as 2005 in sales presentations

to various customers. Compl. ¶¶ 51-52. It also has "prominently and continually" used the

mark on its website since 2005, and has used the mark to distinguish itself from its

competitors. *Id.* ¶ 52. Prior to XU's use, Plaintiff alleges that the mark had never been used

to identify any services or products in the relevant industry and, further, had no accepted or

understood meaning the relevant industry. Id. ¶ 54-55.

While Defendant raises a conclusory assertion that Plaintiff's allegations in support of

its claim are "not enough" to withstand a motion to dismiss, Defendant's primary argument

---

[1] Where a mark has not been federally registered "validity depends on proof of secondary meaning, unless the unregistered mark is inherently distinctive." *Fisons Horticulture, Inc. v. Vigoro Industries, Inc.*, 30 F.3d 466, 472 (3d Cir.1994)). In evaluating the distinctiveness of a mark, the following categories (in ascending order of distinctiveness) are used: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992). Marks that are suggestive, arbitrary, or fanciful are considered inherently distinctive and are entitled to protection. *Jews for Jesus v. Brodsky*, 993 F.Supp. 282, 296 (D.N.J.1998). A mark that is not inherently distinctive is not entitled to protection unless it has attained a secondary meaning. *Id.* A secondary meaning is said to exist when the mark "is interpreted by the consuming public to be not only an identification of the product or services, but also a representation of the origin of those products or services." *Commerce Nat'l Ins. Serv., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 438 (2000) (quoting *Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 589 F.2d 1225, 1228 (3d Cir.1978)).

relies upon materials outside the pleadings that are inappropriate on a 12(b)(6) motion.

Instead of adequately addressing any alleged deficiencies in the Complaint, Defendant goes

outside of XU's pleading and points to the manner in which XU uses its mark on its website,

claiming such use belies XU's claims of distinctiveness. Defendant also alleges that "Expert

on Demand" " is not even a XU's proudct," but rather "XpertSHARE" is XU's product, and,

further, the phrase "Expert on Demand" is used on Plaintiff's website as part of its description

of XU's XpertSHARE product. The Court finds Defendant's arguments would be more

appropriately raised in the context of a summary judgment motion, and therefore denies

Cisco's motion as to the eighth and ninth counts of the Complaint.

D. Preemption

Defendant alleges that Plaintiff's state law claims for fraud, deceit, misappropriation,

breach of confidence, unfair competition, unjust enrichment and conversion should be

dismissed in their entirety because (1) to the extent they are based upon misappropriation of a

trade secret, they are preempted by California's Uniform Trade Secrets Act ("CUTSA"); and

(2) to the extent they are based upon trademark infringement, Plaintiff has not alleged facts

showing it has a protectable trademark. For the reasons discussed above, the Court rejects the

latter argument. Because plaintiff's breach of confidence, unfair competition, unjust

enrichment[2] and conversion are based, at least in part, on trademark allegations, they are not

preempted and shall not be dismissed. The question, then, is whether Plaintiff's claims for

fraud, deceit and common law misappropriation are preempted by CUTSA.

---

[2]In a sentence, Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because it is an equitable remedy and Plaintiff has an adequate remedy at law. At this stage of the proceedings, the Court will permit the claim as being pled in the alternative.

CUTSA provides for the civil recovery of "actual loss" or other injury caused by the misappropriation of trade secrets. Cal. Civ. Code § 3426.3. Significantly, CUTSA includes a provision that "preempt[s] claims based on the same nucleus of facts as trade secret misappropriation." *K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 962, 90 Cal. Rptr.3d 247 (2009); *see also* Cal. Civ. Code § 3426.7.

Turning to Plaintiff's fraud and deceit claims, the Court finds they are not based solely on the same nucleus of facts as the trade secret misappropriation claim. For example, the claims are based in part on the allegation that XU was fraudulently inducted into entering into "Cisco Technology Developer Program Agreements" to its detriment. According to the Complaint, these agreements, referred to by XU as the "Click-Through Agreements," among other things, narrowed the scope of information that Cisco was obligated to keep confidential. Thus, at this stage in the litigation, the Court will not dismiss the fraud and deceit claims as preempted.[3]

Last is the common law misappropriation claim. XU asserts that its claim is not preempted because it is not based solely on the misappropriation of trade secrets, but rather "on the theft of other protectable confidential and proprietary information in addition to trade secrets." Pl. Brf. at 13-14. In response, Cisco points to the recent case of *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 109 Cal. Rptr.3d 27 (2010), in which the court stated

> We emphatically reject the ... suggestion that the uniform act was not intended
> to preempt "common law conversion claims based on the taking of information
> that, though not a trade secret, was nonetheless of value to the claimant." On
> the contrary, a prime purpose of the law was to sweep away the adopting
> states' bewildering web of rules and rationales and replace it with a uniform set

---

[3] To the extent that Defendant alleges, seemingly as an afterthought, that Plaintiff has failed to plead its fraud and deceit counts with the requisite particularity under Federal Rule of Civil Procedure 9(b), its argument is without merit. The Court finds that the Complaint contains enough factual specificity to state a claim under the requisite standard.

of principles for determining when one is --and is not -- liable for acquiring, disclosing, or using "information ... of value." Central to the effort was the act's definition of a trade secret. Information that does not fit this definition, and is not otherwise made property by some provision of positive law, belongs to no one, and cannot be converted or stolen.

184 Cal. App. 4th 210 at 239 n.22 (citations omitted).  A "trade secret" is defined under the CUTSA as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Cal. Civ. Code § 3426.1(d).  Plaintiff's common law misappropriation claim alleges that Cisco misappropriated XU's "confidential information, concepts, know-how, and strategies."  Compl. ¶ 191.  XU does not explain how this information does not fit into the definition of "trade secret," and, if it does not, how it is "otherwise made property by some provision of positive law."  *Silvaco Data Sys.*, 184 Cal. App. 4th 210 at 239 n.22.  As such, the Court finds that it is preempted by CUTSA and shall be dismissed.

E.  Motion to Strike

Defendant has alternatively moved to strike the following from the Complaint:  (1) allegations of "reverse passing off," Compl. ¶¶ 272, 278; (2) allegation that XU is entitled to injunctive relief, *id.* ¶ 240; and (3) request for damages for the rescission claim, *id.* ¶ 269. The Court finds that such matters would be more appropriately addressed prior to trial or on summary judgment, and therefore denies Defendant's motion without prejudice.

For the reasons above, Defendant's motion to dismiss is granted in part and denied in part. Its motion to strike is denied without prejudice. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated:  March 28, 2011