IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XPERTUNIVERSE, INC., ) | |
| ) | Civil Action No. 09-157-BMS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | |
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff XpertUniverse, Inc. ("XpertUniverse"), hereby replies to the Counterclaims asserted by Defendant Cisco Systems, Inc.'s ("Cisco") as follows:

**THE PARTIES**

1. XpertUniverse admits the allegations in paragraph 1.

2. XpertUniverse admits that it is a Delaware Corporation. XpertUniverse maintains a principal place of business at 261 West 35th Street, New York, NY 10001.

**JURISDICTION AND VENUE**

3. XpertUniverse repeats and incorporates paragraphs 1-2 of this Reply as though fully set forth herein, but otherwise denies all of the remaining allegations in paragraph 3.

4. XpertUniverse admits that it is subject to personal jurisdiction in this district, but otherwise denies all of the remaining allegations in paragraph 4.

5. XpertUniverse admits that it filed this lawsuit on March 10, 2009 alleging that Cisco, among other things, infringes the '709 and '903 Patents, that there is an actual controversy between the parties regarding infringement of the Patents, and that there is an actual controversy

regarding validity and enforceability of the Patents as a result of Cisco's allegations in its Counterclaims, but otherwise denies all of the remaining allegations in paragraph 5.

6. XpertUniverse admits that the Court has subject matter jurisdiction over the Counterclaims, but otherwise denies all of the remaining allegations in paragraph 6.

7. XpertUniverse admits that venue is proper in this Court, but otherwise denies all of the remaining allegations in paragraph 7.

## COUNTERCLAIM I
### (Declaratory Judgment of Invalidity)

8. XpertUniverse repeats and incorporates paragraphs 1-7 of this Reply as though fully set forth herein, but otherwise denies all of the remaining allegations in paragraph 8.

9. XpertUniverse denies the allegations in paragraph 9.

## COUNTERCLAIM II
### (Declaratory Judgment of Non-Infringement)

10. XpertUniverse repeats and incorporates paragraphs 1-9 of this Reply as though fully set forth herein, but otherwise denies all of the remaining allegations in paragraph 10.

11. XpertUniverse denies the allegations in paragraph 11.

## COUNTERCLAIM III
### (Unenforceability – Intentional Failure to Disclose Known Prior Art Sale Or Offer To Sell)

12. XpertUniverse repeats and incorporates paragraphs 1-11 of this Reply as though fully set forth herein, but otherwise denies all of the remaining allegations in paragraph 12.

13. XpertUniverse admits LearningIdeas, Inc., which was formerly known as Homework911.com, Inc., was incorporated by a member of XpertUniverse's management, but otherwise denies all of the remaining allegations in paragraph 13.

14. XpertUniverse admits that Exhibit A to Cisco's Counterclaims is a copy of a document titled KnowledsgeSHARE User Manual, but otherwise denies all of the remaining allegations in paragraph 14.

15. XpertUniverse denies the allegations in paragraph 15.

16. XpertUniverse denies the allegations in paragraph 16.

17. XpertUniverse admits that Abraham Zelkin or one or more of the other individuals listed as an inventor on the '709 Patent and the '903 Patent was an employee of XpertUniverse when the applications for the '709 and '903 Patents were filed, but otherwise denies all of the allegations in paragraph 17.

18. XpertUniverse admits that Abraham Zelkin or one or more of the other individuals listed as an inventor on the '709 Patent and the '903 Patent had a reason to know of XpertUniverse's product development efforts relative to the platform described in the KnowledgeSHARE User Manual during the application process for the '709 Patent and the '903 Patent, but otherwise denies all of the remaining allegations in paragraph 18.

19. XpertUniverse denies the allegations in paragraph 19.

20. XpertUniverse denies the allegations in paragraph 20.

21. XpertUniverse denies the allegations in paragraph 21.

22. XpertUniverse denies the allegations in paragraph 22.

23. XpertUniverse denies the allegations in paragraph 23.

24. XpertUniverse admits that Abraham Zelkin or one or more of the other individuals listed as an inventor on the '709 Patent and the '903 Patent had a reason to know of XpertUniverse's product development efforts relative to a platform referred to as

"homework911" during the application process for the '709 Patent and the '903 Patent, but otherwise denies all of the remaining allegations in paragraph 24.

25. XpertUniverse denies the allegations in paragraph 25.

26. XpertUniverse denies the allegations in paragraph 26.

27. XpertUniverse admits that Exhibit C is a copy of an XpertUniverse press release and that Exhibit D is a copy of a XpertShare 2.0 Product Tour authored by XpertUniverse, but otherwise denies all of the remaining allegations in paragraph 27.

28. XpertUniverse denies the allegations in paragraph 28.

29. XpertUniverse denies the allegations in paragraph 29.

30. XpertUniverse denies the allegations in paragraph 30.

31. XpertUniverse admits that Abraham Zelkin or one or more of the other individuals listed as an inventor on the '709 Patent and the '903 Patent had a reason to know of XpertUniverse's product development efforts relative to a platform referred to as "XpertShare 2.0" or its preceding versions during the application process for the '709 Patent and the '903 Patent, but otherwise denies all of the remaining allegations in paragraph 31.

32. XpertUniverse denies the allegations in paragraph 32.

33. XpertUniverse denies the allegations in paragraph 33.

34. XpertUniverse denies the allegations in paragraph 34.

### COUNTERCLAIM IV
### (Unenforceability – Intentional Failure to Disclose Known Material Prior Art References)

35. XpertUniverse repeats and incorporates paragraphs 1-34 of this Reply as though fully set forth herein, but otherwise denies all of the remaining allegations in paragraph 35.

36. XpertUniverse denies the allegations in paragraph 36.

37. XpertUniverse admits that Abraham Zelkin or one or more of the other individuals listed as an inventor on the '709 Patent and the '903 Patent was an employee of XpertUniverse when the applications for the '709 and '903 Patents were filed and had a reason to know of the document attached as Exhibit A to Cisco's Counterclaims during the application process for the '709 Patent and the '903 Patent, but otherwise denies all of the remaining allegations in paragraph 37.

38. XpertUniverse denies the allegations in paragraph 38.

39. XpertUniverse denies the allegations in paragraph 39.

40. XpertUniverse denies the allegations in paragraph 40.

41. XpertUniverse denies the allegations in paragraph 41.

42. XpertUniverse admits that Abraham Zelkin or one or more of the other individuals listed as an inventor on the '709 Patent and the '903 Patent was an employee of XpertUniverse when the applications for the '709 and '903 Patents were filed and had a reason to know of the documents attached as Exhibit B to Cisco's Counterclaims during the application process for the '709 Patent and the '903 Patent, but otherwise denies all of the remaining allegations in paragraph 42.

43. XpertUniverse denies the allegations in paragraph 43.

44. XpertUniverse denies the allegations in paragraph 44.

45. XpertUniverse denies the allegations in paragraph 45.

46. XpertUniverse is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and therefore denies the allegations in paragraph 46.

47. XpertUniverse admits that Abraham Zelkin or one or more of the other individuals listed as an inventor on the '709 Patent and the '903 Patent was an employee of XpertUniverse when the applications for the '709 and '903 Patents were filed and had a reason to know of the documents attached as Exhibit D to Cisco's Counterclaims during the application process for the '709 Patent and the '903 Patent, but otherwise denies all of the remaining allegations in paragraph 47.

48. XpertUniverse denies the allegations in paragraph 48.

49. XpertUniverse denies the allegations in paragraph 49.

50. XpertUniverse denies the allegations in paragraph 50.

51. XpertUniverse admits the allegations in paragraph 51.

52. XpertUniverse admits the allegations in paragraph 52.

53. XpertUniverse admits the allegations in paragraph 53.

54. XpertUniverse admits that Victor Friedman and James Nevin knew or should have known of U.S. Patent Publication No. 2002/0013836 during the application process for the '709 Patent and the '903 Patent, but otherwise denies all of the remaining allegations in paragraph 54.

55. XpertUniverse denies the allegations in paragraph 55.

56. XpertUniverse denies the allegations in paragraph 56.

57. XpertUniverse denies the allegations in paragraph 57.

58. XpertUniverse denies the allegations in paragraph 58.

## COUNTERCLAIM V
### (Unenforceability – Omission of a Co-Inventor)

59. XpertUniverse repeats and incorporates paragraphs 1-58 of this Reply as though fully set forth herein, but otherwise denies all of the remaining allegations in paragraph 59.

60. XpertUniverse lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and therefore denies all of the allegations in paragraph 60.

61. XpertUniverse admits that David Rutberg was listed as an inventor on the Application Data Sheet filed with the '967 Application on March 31, 2005, but otherwise denies all of the remaining allegations in paragraph 61.

62. XpertUniverse admits that on August 2, 2005, it filed a Supplemental Application Data Sheet that did not include David Rutberg as an inventor of the '967 Patent Application, but otherwise denies all of the remaining allegations of paragraph 62.

63. XpertUniverse admits that David Rutberg was not included as an inventor of the '014 Patent Application, but otherwise denies all of the remaining allegations of paragraph 63.

64. XpertUniverse denies the allegations in paragraph 64.

65. XpertUniverse denies the allegations in paragraph 65.

66. XpertUniverse denies the allegations in paragraph 66.

67. XpertUniverse denies the allegations in paragraph 67.

## AFFIRMATIVE DEFENSES

1. Cisco fails to state a claim upon which relief can be granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff XpertUniverse respectfully requests this Court enter a judgment against Cisco as follows:

A. That Cisco take nothing from its Counterclaims and that Cisco's Counterclaims be dismissed with prejudice;

B. That XpertUniverse be awarded its costs and expenses including reasonable attorney fees in defending against Cisco's Counterclaims; and

C. That the Court award such other relief as the Court deems proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joseph Diamante
Charles E. Cantine
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Dated: May 16, 2011
1013016

By: */s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff XpertUniverse, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that, on May 16, 2011, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; that the document was served on the following counsel as indicated; and the document is available for viewing and downloading from CM-ECF:

### BY CM-ECF AND E-MAIL

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

Colm F. Connolly, Esq.
Morgan Lewis & Bockius LLP
1007 Orange Street, Suite 501
Wilmington, DE 19801
cconnolly@morganlewis.com

I hereby certify that on May 16, 2011 I have sent by E-mail the foregoing document to the following non-registered participants:

John V. Gorman, Esq.
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
jgorman@morganlewis.com

Franklin Brockway Gowdy, Esq.
Brett M. Schuman, Esq.
Morgan Lewis & Bockius LLP
One Market Street
Spear Street Tower
San Francisco, CA 94105
fgowdy@morganlewis.com
bschuman@morganlewis.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

913090