IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

XPERTUNIVERSE, INC., :
 : 
    Plaintiff, :
 :
v. : Civil Action No. 09-157-RGA
 :
CISCO SYSTEMS, INC., :
 :
    Defendant. :

Philip A. Rovner, Esq., and Jonathan A. Choa, Esq., Wilmington, Delaware, for Plaintiff.

Jack B. Blumenfeld, Esq., and Jennifer Ying, Esq., Wilmington, Delaware, for Defendant.

MEMORANDUM OPINION

January 20, 2012

1

ANDREWS, U.S. DISTRICT JUDGE:

Plaintiff XpertUniverse, Inc. ("XU") brings this action against Defendant Cisco Systems, Inc., alleging that Cisco infringed its patents and misappropriated certain confidential and trade secret information from XU during the course of a business relationship between the parties. Under the protections of a confidentiality agreement, XU alleges it shared with Cisco "trade secrets, and proprietary and confidential information, including ...: technical development documents, schematics, system architecture, integration charts, sales and marketing strategies, marketing forecasts and pricing schedules." Fourth Amended Complaint ¶ 43. XU alleges that Cisco ultimately terminated the business relationship and misappropriated XU's intellectual property by introducing a new "collaboration portfolio" product line, including an "Expert on Demand" product. *Id.* ¶¶ 119-20. According to XU, Cisco "has sold, offered for sale and marketed, and continues to sell, offer for sale and market, products and technology in contravention of and based on [XU's] rights in and to its intellectual property." *Id.* ¶ 128.

Before the Court is Cisco's Motion to Dismiss Certain Claims in Plaintiff's Fourth Amended Complaint Or, In The Alternative, To Strike (D.I.88). Cisco argues that the Fourth Amended Complaint should be dismissed since XU was not granted leave to amend the complaint. (D.I. 89, pp. 6-7). Cisco further argues that the new allegations in the Fourth Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. (D.I. 89, pp. 12-13). Cisco further argues that if the new allegations are not dismissed, they should be stricken pursuant to FED. R. CIV. P. 12(f). (D.I. 89, pp. 13-14). For the reasons that follow, Cisco's motion is denied.

XU filed its First and Second Amended Complaints in 2009 without this Court's involvement. (D.I. 9, 11). In response to XU's Second Amended Complaint (D.I. 11), Cisco moved to dismiss certain claims (D.I. 23), to which XU responded in part by asking for leave to file a Third Amended Complaint (D.I. 30). Cisco's motion to dismiss and the Third Amended Complaint primarily addressed two "click-through agreements" Cisco argues bind XU. The Court granted XU leave to amend and file its Third Amended Complaint "with no further amendments." (D.I. 42). Cisco moved to dismiss or strike certain claims in the Third Amended Complaint (D.I. 45), and, in March 2011, the Court dismissed one of XU's claims, denied the remainder of Cisco's motion to dismiss, and denied Cisco's motion to strike without prejudice. (D.I. 54).

The parties engaged in discovery. On September 26, 2011, the Court held a scheduling conference. As the parties agree in their briefing, XU asserted at that conference that its already-served discovery requests encompassed Cisco products not specifically identified in the Third Amended Complaint. Cisco asserted that the Third Amended Complaint should define the scope of discovery. To resolve this dispute, the Court granted XU leave to amend its complaint a fourth time to identify, with finality, the specific products at issue.[1] (D.I. 89 at 7; D.I. 95 at 8-9; D.I. 111 at 5-6). The scheduling order from that conference provided that "[a]ny motions for

---

[1] The September 26th scheduling conference does not appear to have been recorded, and since then, this case was transferred to a different judge. Thus, the exact discussion is not certain. The docket entry for the conference is consistent with the Plaintiff's understanding that leave to amend was granted orally. The written order provided a date by which any motions for leave to amend the pleadings had to be filed, and, while it could be interpreted as being addressed to a motion to file the Fourth Amended Complaint, it could also be interpreted to provide a deadline for the Fourth Amended Complaint and any successive or additional motions to amend.

3

leave to amend the pleadings shall be filed by Tuesday, October 11, 2011." (D.I. 76).

On October 7, 2011, XU filed its Fourth Amended Complaint. The Third and Fourth Amended Complaints both allege "Cisco software platforms, including but not limited to, its 'Expert Advisor' and its 'Expert On Demand' offering," use XU's intellectual property. (D.I. 44, ¶ 125; D.I. 82, ¶ 125). The amendments identify seven Cisco products or offerings XU alleges were launched or renamed since the commencement of this action that infringe its patents and/or are based on XU's trade secrets and/or confidential information. (D.I. 82, ¶ 126). XU also alleges "additional products that feature similar functionality" use its intellectual property. *Id.* The Fourth Amended Complaint also contains the following new paragraph:

> Upon information and belief, Cisco is providing and shall continue to provide products and/or offerings that are similar in functionality to the products and/or offerings set forth above, in paragraphs 119-126. These present and prospective products and/or offerings infringe or will infringe one or more claims of [XU]'s '709 and '903 patents and/or are or will be based on the trade secrets and/or confidential information of [XU].

(D.I. 82, ¶ 127).

In every iteration of the complaint, XU's patent infringement claims have consistently alleged infringement by products "including but not limited to . . . 'Cisco Unified Expert Advisor' [and] 'Expert On Demand products." (D.I. 82, ¶¶ 132, 138; D.I. 44, ¶¶ 130, 136; D.I. 11, ¶¶ 65, 71; D.I. 10, ¶¶ 63, 69; D.I. 4, ¶ 52). XU's newly amended claims for patent infringement identify additional Cisco product lines. (D.I. 82, ¶¶ 132, 138). The Fourth Amended Complaint also alleges infringement by Cisco products "featuring the same or similar functionality" as these products. (D.I. 82, ¶ 138).

XU's newly amended trade secret misappropriation and breach of confidence claims

4

identify Cisco products XU alleges use XU's trade secrets and/or confidential information. (D.I. 82, ¶¶ 178, 193). These newly amended claims also allege "additional products and/or offerings that feature or utilize similar functionality" use XU's trade secrets and confidential information. *Id.*

### 1. XU had leave to file the Fourth Amended Complaint.

On September 26, 2011, it seems more likely than not that the Court granted XU leave to amend its complaint a fourth time to identify the Cisco products at issue. This order was intended to resolve the disputed scope of discovery. (D.I. 89 at 7; D.I. 95 at 8-9; D.I. 111 at 5-6). If the Court granted XU leave to amend at the September 26 scheduling conference, it was not necessary for XU to file a motion requesting leave under FED. R. CIV. P. 15(a)(2), nor is it necessary for the Court to evaluate Cisco's arguments as to whether XU would have obtained leave.[2] The allegations identifying additional Cisco products comply with the Court's September 26 order.

### 2. XU's amendments state a claim upon relief can be granted.

In reviewing a motion filed under FED. R. CIV. P. 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds

---

[2] If I were to conclude that the Court did not grant XU leave to file an amended pleading, and I were to treat the briefing on this motion as a request for leave to file the Fourth Amended Complaint, I would grant it. I do not think that XU has operated in bad faith or with a dilatory motive. There has been delay, but I do not think it has been "undue." Cisco has not shown that it has been unduly prejudiced by the amendments.

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1950 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

Cisco argues that XU's new allegations of patent infringement, trade secret misappropriation, and breach of confidence addressing a) "prospective products" that XU alleges "will infringe" XU's patents or "will be based on" XU's trade secrets and/or confidential information, and b) products "featuring similar functionality" to the identified products, fail to state a claim and should be dismissed under FED. R. CIV. P. 12(b)(6). (D.I. 89 at 10-13); *see* (D.I. 82, ¶¶ 126, 127, 138, 178, 193). Neither argument succeeds.

Future products that simply have not yet been released for sale to consumers may still be found to infringe. *See* 35 U.S.C. § 271(a) (prohibiting the making or using of an infringing product); *Bigband Networks, Inc. v. Imagine Communications, Inc.*, 2010 WL 2898288, *1 (D.Del. July 20, 2010). On the other hand, allegations regarding "prospective" products, *i.e.*, products that are *likely* to enter the marketplace, present a closer issue. If the products are ones

6

that have already been made or used as of the date the Fourth Amended Complaint was filed, I think a claim upon which relief can be granted has been stated. If a product is in development, but has not reached the stage where it has been made or used, there is no claim upon which relief can be granted. There needs to be a "cut-off" date, or it is entirely plausible that the Fourth Amended Complaint will just be the prelude to a motion for leave to file a Fifth Amended Complaint. Thus, while I will not dismiss any part of the Fourth Amended Complaint, I will treat any products that have not infringed as of October 11, 2011, as not being alleged as an infringing product in the Fourth Amended Complaint.

XU's allegations regarding products "featuring similar functionality" to identified Cisco products in an identified category of products do not render the claims insufficient. "At a minimum, the plaintiff must allege, in general terms, an infringing product." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp.2d 349, 353 (D. Del. 2010) (internal quotation omitted). Pleadings must mimic Fed. R. Civ. P. Form 18 "and identify a general category of products." *Id.* In *Xpoint*, a claim was stated by allegations describing "general categories of accused products;" another was stated by a general category of products with certain characteristics and capabilities; and another was stated by a category of products with specific products as examples. *Id.* at 353-55. In the claims at issue, XU describes the category of accused products as "Expert Advisor" and "Expert On Demand" products; elsewhere in the Complaint, XU describes the category as being a "collaboration portfolio" and "Cisco software platforms." (D.I. 82, ¶¶ 138, 132, 119-20, 125). XU also identifies specific products as examples in that category - "e.g., its 'Virtual Expert Management for Retail' products, its 'Virtual Expert Management for Financial Services' products, its 'Remote Expert' products, its 'Expertise Locator' products," and "its 'Pulse,' and its

7

'QUAD' products." *Id.* ¶¶ 138, 132. Allegations of other unnamed Cisco products "featuring the same or similar functionality" as these specific examples, within the "Expert Advisor" and "Expert On Demand" "collaborative portfolio" category of software platform products, do not render the complaint insufficient.

Cisco also takes issue with XU's "including but not limited to" language that has been present since XU's first complaint. (D.I. 89 at 12); *see* (D.I. 82, ¶¶ 132, 138; D.I. 44, ¶¶ 130, 136; D.I. 11, ¶¶ 65, 71; D.I. 10, ¶¶ 63, 69; D.I. 4, ¶ 52). Cisco did not raise this argument in its previous motions to dismiss. *See* (D.I. 23, 45). Cisco does not explain what has changed to make this language problematic in the Fourth Amended Complaint. In any case, the "including but not limited to" language does not render the claims in which it appears insufficient. The products are sufficiently identified so that Cisco has notice of what is being alleged, and so that discovery can proceed without being unlimited in scope. *Cf. Xpoint*, 730 F.Supp.2d at 354-55 (upholding, without specifically addressing, allegations containing language similar to "including but not limited to").

### 3. There is no reason to strike XU's identification of allegedly infringing products under FED. R. CIV. P. 12(f).

Federal Rule of Civil Procedure 12(f) states, in relevant part, that "[a] court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) are disfavored. *Fesnak & Assoc's, LLP v. U.S. Bank Nat. Ass'n*, 722 F.Supp.2d 496, 502 (D. Del. 2010). "Even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Id.*

Cisco moves to strike paragraphs 126 and 127, and the phrases "including but not limited to,"

8

"other Cisco products featuring the same or similar functionality," and "and additional products and/or offerings that feature or utilize similar technology." These phrases aid in describing categories of allegedly infringing products and are not improper. *See Xpoint*, 730 F.Supp.2d at 353-55. The allegations of categories of products, combined as they are with specific named examples of products in the category, do not prejudice Cisco. The allegations should guide the scope of the action, and they give Cisco notice of XU's claims. *See Fesnak*, 722 F.Supp.2d at 502; *Xpoint*, 730 F.Supp.2d at 355. The phrase "including but not limited to" has been present since XU's original Complaint, and its continued presence introduces no prejudice to Cisco at this stage. The motion to strike XU's amendments will be denied.

An appropriate order will be entered.