IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XPERTUNIVERSE, INC., <br> Plaintiff, | : <br> : <br> : | |
| v. | : | Civil Action No. 09-157-RGA |
| CISCO SYSTEMS, INC., <br> Defendant. | : <br> : <br> : | |

MEMORANDUM ORDER

After having considered the claim construction submissions of XpertUniverse, Inc. ("XU") and Cisco Systems, Inc., and hearing oral argument on the matter, this ⎯ day of April, 2012,

IT IS HEREBY ORDERED that, as used in the asserted claims of United States Patent Numbers 7,499,903 ("the '903 patent"), and 7,366,709 ("the '709 patent"), the terms below are construed as follows.

**A. The '903 Patent**

The parties have agreed that "having a one-to-one correspondence" can be construed to mean "satisfying the property that each member of each of the one or more layers of inquiry types maps exactly to a predetermined semantically expressed inquiry type," and that "predetermined semantically-expressed inquiry types" can be construed to mean "terms that organize and identify categories of assistance requested, created prior to use and expressed using language that is humanly understandable." The Court adopts these constructions for purposes of this litigation. The Court rejects the parties' construction of "computer database" - "records organized in computer readable/writeable memory" - as it not does clarify what the patentee covered by the claims. *See U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed.Cir.

1

1997) (emphasizing that the claim construction process should not devolve into an "exercise of redundancy").

    1. *"underlying plurality of criteria groupings"* and *"underlying criteria grouping(s)"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction: "sets of collections of types of assistance requested, wherein each collection can be a member of zero or more sets" |
|---|---|
| Cisco's Proposed Construction | "two or more groups of humanly understandable descriptors that identify inquiry types" and "groups of humanly understandable descriptors that identify an inquiry type" |
| Court's Construction | No construction of "underlying criteria grouping(s)" is necessary. "Underlying plurality of criteria groupings" is construed to mean "two or more groups of underlying criteria." |

The Court's construction is in accordance with plain and ordinary meaning. The parties' additional proposed limitations do not aid the court or the jury in understanding the term as it is used in the claimed invention, and repeat limitations already present in the claims.

    2. *"skill-set database"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"a digital storage and retrieval information system designed for storing associations between some or all of: agents and resources available, types of assistance requested, and expertise required for types of assistance requested" |
|---|---|
| Cisco's Proposed Construction | "records organized in a computer readable/writable memory constituting the identity of individuals having unique knowledge on specific topics" |
| Court's Construction | No construction necessary. |

Neither proposed construction clarifies the original term. *See U.S. Surgical Corp.*, 103 F.3d at 1568. The intrinsic evidence offers no support for the knowledge being "unique."

3. *"expert having individualized knowledge"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"a person in possession of information or expertise that is relevant or material to a particular query" |
|---|---|
| Cisco's Proposed Construction | "person having unique, specialized knowledge on a specific inquiry type" |
| Court's Construction | No construction necessary. |

Neither proposed construction clarifies the original term. *See U.S. Surgical Corp.*, 103 F.3d at 1568. The intrinsic evidence offers no support for the knowledge being "unique."

4. *"unique numerical routing identifier," "unique numeric routing identifier,"* and *"numeric routing identifier"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"a mathematically distinct encoding for data relevant to an inquiry" |
|---|---|
| Cisco's Proposed Construction | "fixed number that is associated with a semantically-expressed inquiry type and an inquiry type in its corresponding layer that is used to match and route user queries to an expert" |
| Court's Construction | No construction necessary. |

Neither proposed construction clarifies the original term. *See U.S. Surgical Corp.*, 103 F.3d at 1568. The term is readily understandable via the example of a phone number being a unique number used to route a telephone call to a particular person. (D.I. 155 at 29).

5. *"match and route system"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"an architecture that maps a resource or information request to possible resources or information sources, and provides a link to the identified resource(s) or information source(s)." |
|---|---|
| Cisco's Proposed Construction | "system that identifies an expert skill set that corresponds to a user's query and routes the query based on the expert skill set" |
| Court's Construction | No construction necessary. |

The term "match and route system" is a part of the preamble that is of no significance to claim construction because it does not constitute or explain a claim limitation, and therefore does not require construction. *See* '903 Patent, col.7 l.41, col.8 ll.3, 6, 12, 16, 18; *Pitney Bowes, Inc. v. Hewlett–Packard Co.*, 182 F.3d 1298, 1305 (Fed.Cir.1999); *see also* (D.I. 155 at 27-29).

6. *"layer(s) of inquiry type(s)"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"a particular grouping of terms that organize and identify categories of assistance requested" |
|---|---|
| Cisco's Proposed Construction | "a defined set of specific groupings of underlying criteria"<br><br>"defined sets of specific groupings of underlying criteria" |
| Court's Construction | "a defined set of predetermined semantically expressed inquiry types" |

In the '903 Patent, the term "inquiry type" is used as a shorthand term having antecedent basis in "predetermined semantically expressed inquiry types," for which the parties have agreed upon a construction. The noun "inquiry type" is never introduced with an indefinite article ("a" or "an") but rather only with "the," indicating it refers to an earlier term - "predetermined semantically expressed inquiry type" - and the two terms are used interchangeably throughout

4

the claims. There is no need to inject further language and potential confusion into the claims when, as here, the claims and context make clear that "inquiry type" refers to "predetermined semantically expressed inquiry type." *See Personalized User Model LLP v. Google Inc.*, 2012 WL 295048, *24-25 (D. Del. Jan. 25, 2012).

7. *"inquiry type(s)"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction: "term(s) that organize and identify categories of assistance requested" |
|---|---|
| Cisco's Proposed Construction | "a specific grouping of underlying criteria predetermined by the organization and based on a user's criterion selections" |
| Court's Construction | "term(s) that organize and identify categories of assistance requested, created prior to use and expressed using language that is humanly understandable" |

As explained above, the term "inquiry type(s)" is used as a shorthand term having antecedent basis in "predetermined semantically expressed inquiry type(s)," which the parties have agreed means "term(s) that organize and identify categories of assistance requested, created prior to use and expressed using language that is humanly understandable."

8. *"receiving from the user a response to the presentation of a first member of the underlying criteria grouping"*

| XU's Proposed Construction | No construction necessary beyond those terms in the phrase, whose construction is identified elsewhere in the chart (to the extent the Court rules that the construction of those terms is necessary). |
|---|---|
| Cisco's Proposed Construction | "receiving a user's response through an interactive problem definition page to the display of a first member of the underlying criteria grouping" |
| Court's Construction | "receiving from the user a response to the display of a first member of the underlying criteria grouping" |

5

The Court agrees with the parties that most of the phrase does not require additional construction, but the term "presentation" would benefit from construction. In construing that term, Cisco argues that terms 8-11 incorporate "a key concept of the '903 patent: that the user's interactions and selections are made using an interactive problem definition page." (D.I. 142 at 10). Cisco points out the '903 patent's many disclosures of a page or display as the user interface, and correctly notes that "[t]he specification describes no other way of allowing a user to interact with the system to make selections." *See id.* (citing fig. 2; col.3, ll.64-66; col.4, ll.3-5; col.4, ll.48-51).

The words "interactive problem definition page" appear only in the '709 patent. The two patents are by the same inventors and generally address the same subject matter, but are not otherwise related. It is not proper to import limitations between unrelated patents. *See Integra Lifesciences I, Ltd. v. Merck KgaA*, 331 F.3d 860, 868 (Fed.Cir. 2003). The Court construes "presentation" to mean "display."

9. *"the response triggering the presentation of further members of the underlying criteria grouping"*

| XU's Proposed Construction | No construction necessary beyond those terms in the phrase, whose construction is identified elsewhere in the chart (to the extent the Court rules that the construction of those terms is necessary). |
|---|---|
| Cisco's Proposed Construction | "the user's response causes further members of the underlying criteria grouping to be displayed on an interactive problem definition page" |
| Court's Construction | "the response triggering the display of further members of the underlying criteria grouping" |

The Court construes "presentation" to mean "display" for the reasons set forth in Section 8.

10. *"upon a user's request for assistance with at least one of the predetermined semantically-expressed inquiry type"*

| XU's Proposed Construction | No construction necessary beyond those terms in the phrase, whose construction is identified elsewhere in the chart (to the extent the Court rules that the construction of those terms is necessary). |
|---|---|
| Cisco's Proposed Construction | "upon a user selecting underlying criteria to identify at least one humanly understandable grouping of underlying criteria using an interactive problem definition page" |
| Court's Construction | No construction necessary. |

The parties agreed upon a construction for "predetermined semantically-expressed inquiry type," and no further construction of this term is required.

11. *"upon the receipt of a user request for assistance with at least one of the predetermined semantically-expressed inquiry type"*

| XU's Proposed Construction | No construction necessary beyond those terms in the phrase, whose construction is identified elsewhere in the chart (to the extent the Court rules that the construction of those terms is necessary). |
|---|---|
| Cisco's Proposed Construction | "upon receiving from an interactive problem definition page a user's selection of criteria and their corresponding values that identify at least one humanly understandable grouping of underlying criteria" |
| Court's Construction | No construction necessary. |

The parties agreed upon a construction for "predetermined semantically-expressed inquiry type," and no further construction of this term is required.

7

12. *"the host server communicably connected with an inquiry-type database and a skill-set database"*

| XU's Proposed Construction | No construction necessary beyond those terms in the phrase, whose construction is identified elsewhere in the chart (to the extent the Court rules that the construction of those terms is necessary). |
|---|---|
| Cisco's Proposed Construction | "the host server directly connected through hardware and software interfaces with an inquiry-type database and a skill-set database" |
| Court's Construction | No construction necessary. |

The parties disagree only on whether "communicably connected" must be construed; it does not.

### B. '709 Patent

1. *"subject list style"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction: "the structural format for an interface used to enter information" |
|---|---|
| Cisco's Proposed Construction | "a graphical representation of the logical structure of a list of inquiry criteria and values and their respective relationships" |
| Court's Construction | "a representation of the logical structure of a list of inquiry criteria and values and their respective relationships" |

The '709 patent describes subject list styles as being used to categorize a user's inquiries, as selected by the client. Col. 4, ll.23-29. Combinations of subject list styles are depicted in figure 3B. *Id.* col.1, ll.66-67. The subject list styles are not limited to graphical representations as Cisco argues, or information entry as XU argues, but rather, are broader, conceptual relationships between criteria. *See id.*; *id.* Fig.3B. Other parts of the claims provide that the values are "presented" via an "interactive problem definition page" - the mode of such presentation (*e.g.*, graphically or otherwise) is not a limitation on the term "subject list style" as

8

Cisco argues. *Id.* col.8, ll. 65-67; col.9, ll.40-42.

2. *"member of an organization" / "member of the organization"*

| | |
|---|---|
| **XU's Proposed Construction** | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"person associated with or authorized by an entity that is enabling use of the method or system described" |
| **Cisco's Proposed Construction** | "person belonging to a predetermined group or company" |
| **Court's Construction** | No construction necessary. |

Neither proposed construction clarifies the original term. *See U.S. Surgical Corp.*, 103 F.3d at 1568.

3. *"inquiry type(s)"*

| | |
|---|---|
| **XU's Proposed Construction** | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"term(s) that organize and identify categories of assistance requested" |
| **Cisco's Proposed Construction** | "a specific grouping of underlying criteria predetermined by the organization and based on a user's criterion selections" |
| **Court's Construction** | "question topics" |

XU's proposed construction tracks the parties' agreed-upon construction for "predetermined semantically-expressed inquiry types" for the '903 patent, while Cisco's proposed construction is drawn from the '903 patent itself at column 5, lines 13-16. Both proposed constructions are essentially based on extrinsic evidence; limitations from the '903 patent do not limit the meaning of the term here, as used in the unrelated '709 patent. *See Integra Lifesciences*, 331 F.3d at 868. The plain meaning of the term, which is preferable to the parties' constructions based on what is essentially extrinsic evidence, is "question topics."

9

4. *"inquiry criteria"*

| **XU's Proposed Construction** | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"term(s) that organize and identify categories of assistance requested" |
|---|---|
| **Cisco's Proposed Construction** | "subject categories used to define a seeker's query displayed to a user in an interactive problem definition page" |
| **Court's Construction** | "pre-selected subject categories" |

The '709 patent clearly defines "inquiry criteria" as "pre-selected subject categories." Col.2, ll.20-23; *see Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.Cir.1996) ("[A] patentee may choose to be his own lexicographer and use terms other than their ordinary meaning, as long as the special definition of the term is clearly stated in the patent specification or file history.").

5. *"underlying criteria"*

| **XU's Proposed Construction** | No construction necessary beyond those terms in the phrase, whose construction is identified elsewhere in the chart (to the extent the Court rules that the construction of those terms is necessary). |
|---|---|
| **Cisco's Proposed Construction** | "subject categories used to classify inquiry types according to a client's business objectives and information needs of a user" |
| **Court's Construction** | "subject categories" |

The '709 patent clearly defines "underlying criteria" as "subject categories." Col.2, ll.55-60; *see Vitronics Corp.*, 90 F.3d at 1582 ("[A] patentee may choose to be his own lexicographer and use terms other than their ordinary meaning, as long as the special definition of the term is clearly stated in the patent specification or file history."). Cisco's additional proposed limitations describing how the underlying criteria function in the system are addressed by other claim terms. Col.2, ll.55-60; col.9, ll.4-5.

6. *"values"*

| | |
|---|---|
| **XU's Proposed Construction** | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"an object, assigned to a variable, appropriately within the range of possible objects that the variable is intended to represent" |
| **Cisco's Proposed Construction** | "criteria selections having a relationship to an inquiry criteria and that can be displayed to a user in an interactive problem definition page" |
| **Court's Construction** | "choices" |

At oral argument, both XU and Cisco agreed that "values" in the context of the '709 patent means "choices." (D.I. 155 at 30, 81-82). Cisco's additional proposed limitations are already represented by other claim terms. '709 Patent, col.9, ll.9-30; *id.* col.10, ll.1-19, 37-39.

7. *"interactive problem definition page"*

| | |
|---|---|
| **XU's Proposed Construction** | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"a responsive interface designed to facilitate either the specification of assistance, or facilitate the specification of the categories of assistance" |
| **Cisco's Proposed Construction** | "an interactive graphical user interface that uses a subject list style displaying user-specific inquiry criteria and values to guide the user in classifying an inquiry" |
| **Court's Construction** | "an interactive graphical user interface" |

The word "interactive" does not need to be construed. As for "problem definition page," the '709 patent provides that "[t]he problem definition functionality is displayed in a Graphical User Interface." Col.4, ll.44-48. Cisco's other proposed limitations are already represented by other claim terms.

11

8. *"inquiry criteria values"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"an object assigned to a variable representing collections of types of assistance requested" |
|---|---|
| Cisco's Proposed Construction | "selections displayed to a user in an interactive problem definition page" |
| Court's Construction | "preselected subject category choices" |

Combining the Court's constructions of "inquiry criteria" and "values" for "inquiry criteria values" logically captures the specification's description of inquiry criteria values as "predetermined" values linked to inquiry criteria. '709 Patent, col.4, ll.4-22.

9. *"plurality of monitors"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction for the term "monitors" as used in claims 5 and 7:<br><br>"interactive communication devices" |
|---|---|
| Cisco's Proposed Construction | "two or more computer screens" |
| Court's Construction | "two or more monitors" |

The term "monitor" does not require construction. *See U.S. Surgical Corp.*, 103 F.3d at 1568. The construction of "plurality" is in accordance with plain meaning.

10. *"the processor being configured to extract unique combinations from the database and evaluate the combinations"*

| XU's Proposed Construction | No construction necessary. However, if the Court rules that one is necessary, XU proposes the following construction:<br><br>"the processor being configured to retrieve and analyze the term(s) that organize categories of requests, the object(s) assigned to related variables, and the structural format(s) for the interface used to enter information" |
|---|---|
| Cisco's Proposed Construction | "the processor is programmed to extract unique combinations of a user's query and an expert's skill set from records stored in read/writable memory and to determine in real time the most qualified expert for a user's query" |
| Court's Construction | "the processor being programmed to extract unique combinations from the database and evaluate the combinations" |

Construction is only required and helpful for the word "configured." *See U.S. Surgical Corp.*, 103 F.3d at 1568.

_____
United States District Judge

13