IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XPERTUNIVERSE, INC., <br><br> **Plaintiff and Counterdefendant** <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> **Defendant and Counterclaimant.** | Civil Action No. 09-157-RGA |

## [~~PROPOSED~~] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AND COUNTERCLAIMANT CISCO SYSTEMS, INC.'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

On October 31, 2012, Defendant and Counterclaimant Cisco Systems, Inc. ("Cisco") filed eleven motions for partial summary judgment on the allegations set forth in Plaintiff and Counterdefendant XpertUniverse, Inc. ("XU")'s Fourth Amended Complaint (D.I. 82) ("FAC"). (D.I. 297, 300, 303, 306, 311, 315, 318, 320, 327, 328, 329). On December 21, 2012, XU filed oppositions to ten of the eleven motions.[1]

On January 2, 2013, the Court struck both parties' summary judgment briefs and ordered Cisco to submit a consolidated brief in support of any or all of the ten outstanding motions. D.I. 492. Cisco filed its brief on January 8, 2013. D.I. 495. On January 15, 2013, XU filed its opposing brief. D.I. 521. Cisco filed its reply to XU's opposition on January 22, 2013. D.I. 537.

On February 27, 2013, the Court heard oral argument on Cisco's motions. D.I. 611. Having considered the motions, the briefing and evidence submitted by both parties, and the arguments of counsel at the February 27, 2013 hearing, the Court orders as follows:

---

[1] XU did not oppose Cisco's Motion for Partial Summary Judgment No. 10 Relating to Cisco's Social Miner Product. D.I. 328, 426. Accordingly, Cisco's Motion for Partial Summary Judgment No. 10 was granted on January 2, 2013. D.I. 492.

DB2/ 23954824.1                              1

1. Cisco's Motion for Partial Summary Judgment No. 1 (D.I. 297) is GRANTED IN PART and DENIED IN PART. The motion is DENIED with respect to XU's allegation in Counts III (Common Law Fraud) and IV (Deceit under California Civil Code §§ 1709, 1710) that Cisco concealed XU's status with regard to the Solutions Plus program. The remainder of the motion is GRANTED.

2. Cisco's Motion for Partial Summary Judgment No. 2 (D.I. 300) is DENIED.

3. Cisco's Motion for Partial Summary Judgment No. 3 (D.I. 303) is GRANTED.

4. Cisco's Motion for Partial Summary Judgment No. 4 (D.I. 306) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to Counts V (Trade Secret Misappropriation), VI (Breach of Confidence), IX (Breach of Contract 2004 NDA), X (Breach of Contract 2005 Click-Through), XI (Breach of Contract 2005 Click-Through), XIII (Common Law Unfair Competition), XIV (Unfair Competition), XIV (Unfair Competition Under California Bus. and Prof. Code § 17200 *et seq.*), and XV (Common Law Quasi Contract Unjust Enrichment) to the extent that those claims were directed at Cisco's Expert Advisor product. The motion is GRANTED as to XU's claims of indirect infringement under Counts I (Infringement of the '709 Patent) and II (Infringement of the '903 Patent). The motion is DENIED as to XU's claim of direct infringement under Counts I (Infringement of the '709 Patent) and II (Infringement of the '903 Patent).

5. Cisco's Motion for Partial Summary Judgment No. 5 (D.I. 311) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to Counts V (Trade Secret Misappropriation), VI (Breach of Confidence), IX (Breach of

Contract 2004 NDA), X (Breach of Contract 2005 Click-Through), XI (Breach of Contract 2005 Click-Through), XIII (Common Law Unfair Competition), XIV (Unfair Competition), XIV (Unfair Competition Under California Bus. and Prof. Code § 17200 *et seq.*), and XV (Common Law Quasi Contract Unjust Enrichment) to the extent that those claims were directed at Cisco's Pulse product. The motion is GRANTED as to XU's claim of indirect infringement under Count I (Infringement of the '709 Patent). The motion is DENIED as to XU's claim of direct infringement under Count I (Infringement of the '709 Patent).

6. Cisco's Motion for Partial Summary Judgment No. 6 (D.I. 315) is GRANTED.

7. Cisco's Motion for Partial Summary Judgment No. 7 (D.I. 320) is GRANTED.

8. Cisco's Motion for Partial Summary Judgment No. 8 (D.I. 327) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to Counts V (Trade Secret Misappropriation), VI (Breach of Confidence), IX (Breach of Contract 2004 NDA), X (Breach of Contract 2005 Click-Through), XI (Breach of Contract 2005 Click-Through), XIII (Common Law Unfair Competition), XIV (Unfair Competition), XIV (Unfair Competition Under California Bus. and Prof. Code § 17200 *et seq.*), and XV (Common Law Quasi Contract Unjust Enrichment) to the extent that those claims were directed at Cisco's Remote Expert and Virtual Expert Management products. The motion is GRANTED as to XU's claims of indirect infringement under Count I (Infringement of the '709

Patent) and Count II (Infringement of the '903 Patent).[2] The motion is DENIED as to XU's claims of direct infringement under Counts I (Infringement of the '709 Patent) and II (Infringement of the '903 Patent).

9. Cisco's Motion for Partial Summary Judgment No. 9 is GRANTED.

10. Cisco's Motion for Partial Summary Judgment No. 11 is GRANTED.

Given the number of claims and Cisco products that XU has put at issue in this case and for avoidance of doubt, Cisco is entitled to summary judgment on all of the allegations in the FAC with the exception of the following:

a) Direct literal infringement of the '709 Patent by Cisco's Expert Advisor, Pulse, and Virtual Expert Management products (Count I of the FAC).

b) Direct literal infringement of the '903 Patent by Cisco's Expert Advisor, Virtual Expert Management, and Remote Expert products (Count II of the FAC).

c) Common law and statutory fraud limited to the theory that Cisco concealed XU's status in the Solutions Plus program (Counts III and IV of the FAC).

**IT IS SO ORDERED.**

March 13, 2013
Date

_Richard G. Andrews_
The Honorable Richard J. Andrews
United States District Judge

---

[2] The Motion for Partial Summary Judgment No. 8 does not mention Count II (Infringement of the '903 Patent). It is apparent that this was an inadvertent oversight as the parties both briefed the motion as to both patents. *See* D.I. 495 at 32-36; D.I. 521 at 37-39

DB2/ 23954824.1                                 4