IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XPERTUNIVERSE INC., : | |
| Plaintiff, : | |
| v. : | Civil Action No. 09-157-RGA |
| CISCO SYSTEMS INC., : | |
| Defendant. : | |

**MEMORANDUM**

I granted JMOL on the fraudulent concealment claim. (D.I. 768). I expressly did not rule on Defendant's alternative motion for a new trial. (*Id.* at 9). This was an error, as the parties have pointed out. (D.I. 771, 772). *See* Fed. R. Civ. P. 50(c)(1), which requires that I "must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." *See Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 692 F.Supp. 2d 487, 504-05 (M.D. Pa. 2010).

The standard for granting a new trial was set forth in my previous opinion. (D.I. 768 at 4-5). The relevant portion of that standard is that a new trial may, in the court's discretion, be granted when "'the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice.'" (*Id.* at 4).

The new trial motion (D.I. 699) might best be described as an afterthought in the briefing. (*See* D.I. 700 – at 16 (two sentences), 32-35, 41 (two sentences)).

On the question of granting a new trial on the grounds that "the jury's implied finding that XU concealed a material fact is against the great weight of the evidence," (*id.* at 16), I

previously concluded there was insufficient evidence of materiality. (D.I. 768 at 9). I also incorrectly concluded I did not need to decide the new trial question. (*Id.*). If, however, on appeal, the materiality decision is reversed, it will be because I have either wrongly evaluated the applicable legal standard or the sufficiency of the evidence, and, in either event, I do not believe I am able to conclude, assuming I have previously erred, that the jury's verdict was against the clear weight of the evidence. Thus, on this particular ground, I conditionally deny the motion for a new trial.

On the question of granting a new trial on damages, Cisco made a more robust argument. (D.I. 700 at 32-35). I did previously acknowledge that besides for a JMOL on damages that Cisco was asking for remittitur and/or a new trial. (D.I. 768 at 9). I did not further address those topics, however, after deciding that JMOL should be granted on the damages issue. In view of my decision on the JMOL, I do not believe that it is appropriate to have a conditional remittitur award. Thus, I will dismiss that request as moot.

Cisco advanced three arguments in support of the request for a new trial. The first argument is based on the same grounds that were advanced in support of the JMOL. (D.I. 700 at 32). If, however, on appeal, the damages decision is reversed, it will be because I have either wrongly evaluated the applicable legal standard or the sufficiency of the evidence, and, in either event, I do not believe I am able to conclude, assuming I have previously erred, that the jury's verdict was against the clear weight of the evidence. Thus, I do not find this argument persuasive.

The second argument is that the $70,000,000 award is excessive. (*Id.*). I believe in this particular case that the disposition of the damages appeal will necessarily determine whether the award was excessive, and therefore I do not find this argument persuasive either.

The third argument is that the $70,000,000 is based entirely on unreliable expert testimony. The argument in support of this is, essentially, that I abused my discretion in allowing the defense expert to testify as he did. Cisco's briefs do not raise any issue about any trial rulings on his testimony[1] (*see* D.I. 700 at 33-35; D.I. 755 at 18-20), relying rather upon the pretrial *Daubert* hearing and decision (D.I. 647) for the claim of error. I certainly expect that Cisco (and perhaps XU too on the portions of the expert's testimony I excluded) will include my handling of the *Daubert* decision as an issue on appeal. Thus, if there was an abuse of discretion, it will be remedied by the Court of Appeals, and, if there was not, then there is no apparent reason why I should grant a new trial on this basis.

On the question of granting a new trial on patent infringement and the on-sale bar (D.I. 700 at 41), I specifically found that the infringement verdict was not "against the great weight of the evidence." (D.I. 768 at 14). My opinion also impliedly found that the on-sale bar decision was not against the great weight of the evidence, although I did not specifically say so. (*Id.* at 14-15). My order, however, dismissed the relevant portion of the Cisco's motion as being moot. (D.I. 769 at 2). I will enter an order correcting that mistake.

January 30, 2014
Date

*[signature]*
United States District Judge

---

[1] Cisco says that it could not cross-examine Mr. Bratic as effectively as it might have because "the Duff & Phelps and Standard & Poor's reports . . . had been excluded." (D.I. 755 at 19). Those reports were excluded at Cisco's request. (D.I. 581-1 at 432-34; *see* D.I. 608 at 3-4).